BARKDULL, Judge.
This is an appeal from a summary denial of a rule 3.800 motion to correct an illegal sentence.
On May 1,1989, defendant plead nolo con-tendere to two counts of grand theft and was sentenced to concurrent terms of seventeen years on each count. On May 5,1989, defendant failed to surrender and begin his prison terms as required by the trial court. On December 13, 1993, defendant’s sentences were amended to reflect that defendant would serve concurrent terms of seven years on each of the theft counts. At that time the trial court also found defendant in contempt of court for failing to surrender at the appointed time. The trial court ordered defendant to serve two concurrent six month terms, in the county jail, upon completion of the sentences imposed on the grand theft counts.
Defendant alleges that he served five and one half months in the county jail prior to being transferred to the Department of Corrections to begin serving his seven year sentences on the grand theft counts. Defendant urges that those five and one half months spent in the county jail were served in fulfillment of the contempt sentences, and that he should receive credit for the time served on the contempt sentences, towards his release on the grand theft counts.
Defendant misapprehends the nature of his sentences. Defendant has not served any time on the contempt sentences because he has not completed his sentences on the grand theft counts. The trial court clearly ordered that defendant be returned to the county jail to serve his contempt sentences after he had completed the sentences imposed on the grand theft counts. Simply put, the five and one half months defendant served in the county jail, prior to being transferred to the department of corrections, was not served in satisfaction of his contempt of court sentences. Since defendant was not serving his contempt of court sentences while in the county jail, the five and one half months he spent in the county jail must be credited to the sentences imposed on the grand theft counts. See § 921.161, Fla.Stat.' (1986).
Therefore, the sentences on the grand theft charges are modified to show credit for time served in the county jail.
Affirmed as modified.